PER CURIAM.
|!After a trial by jury, the jury responded in the negative to the following interrogatory: “[d]o you find, by a preponderance of the evidence, that an accident occurred on or about August 19, 2002, injuring the plaintiff, Patricia Bo-urque?” Plaintiff appealed. Although plaintiff did not object to the jury interrogatory in the trial court, or assign it as error in the court of appeal, a majority of the court of appeal, over dissents from two judges, concluded the jury instruction contained a “plain and fundamental error,” necessitating de novo review of the record. Based on its de novo review, the court of appeal rendered judgment in favor of plaintiff. Defendants now seek relief in this court.
We see nothing in the jury interrogatory which is ambiguous, misleading, confusing, or legally incorrect. Cf. Wegener v. Lafayette Ins. Co., 10-0810, p. 14, n. 10 (La.3/15/11), 60 So.3d 1220, 1230 (finding jury interrogatories misstated the law, and thus constituted plain and fundamental error). Rather, the jury’s answer to the interrogatory clearly reveals the jury concluded plaintiff did not satisfy her burden of establishing that an injury-producing accident occurred. This conclusion is not manifestly erroneous.
Accordingly, the writ is granted. The judgment of the court of appeal is reversed, and the jury verdict is' reinstated.
JOHNSON, J., dissents.